UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12-CV-372-JAR |
| | ) | |
| JEWISH COMMUNITY CENTER, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRIS KOSTER, | ) | |
| Attorney General of Missouri, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Missouri Attorney General's Motion to Intervene pursuant to Fed. R. Civ. P. 24. [ECF No. 19]. The Attorney General has moved to intervene to protect the public's  interest in charitable donations and pledges made to Defendant Jewish Community Center (JCC). In opposition to the motion, Plaintiff Bank of America characterizes this case as a commercial dispute between a non-profit entity and its lender, Bank of America, that does not implicate public concerns necessitating intervention. [ECF No. 21]. Defendant JCC has filed a memorandum in support of the motion to intervene. [ECF No. 24].

Donations to a non-profit, public benefit corporation such as the JCC, are public assets, held in trust for the exclusive benefit of the public. Plaintiff Bank of America seeks to impose a constructive trust on those assets, specifically the pledges and donations made in connection with JCC's capital campaign for  the renovation and improvement of its facilities. The Attorney General represents the public and the public interest with regard to charitable trusts. See, e.g., State ex rel. Nixon v. Hutcherson, 96 S.W.3d 81, 84 (Mo. 2003) (internal citations omitted); Murphey v. Dalton,

314 S.W.2d 726, 731 (Mo. 1958). Because the Attorney General has an actual and cognizable interest in protecting the pledges and donations made to the JCC for the public at large, the motion to intervene will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Missouri Attorney General's Motion to Intervene [19] is **GRANTED** and he is joined as a defendant in this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket the defendant-intervenor's Answer to Plaintiff's First Amended Complaint, which was submitted as an attachment to the motion for leave (Doc No. 19-1).

Dated this 31st day of July, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE